UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OTHA ERIC TOWNSEND,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON JACKS,<br>Assistance Public Defender,<br><br>    Defendant. | Civil No. 10-4431 (DSD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a self-styled pleading entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. Sec. 1983." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed.

**I. BACKGROUND**

In 1994, Plaintiff was convicted for first degree murder in the state district court for Ramsey County, Minnesota. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

After Plaintiff was convicted and sentenced, he filed a direct appeal in the Minnesota Supreme Court. The Minnesota State Public Defenders Office represented Plaintiff on his direct appeal, and the appeal was handled by the sole named Defendant in the present lawsuit, Assistant Public Defender Sharon Jacks, (hereafter "Jacks").

During the course of the direct appeal, Plaintiff informed Jacks that he wanted to file a pro se supplemental brief in support of his appeal. Plaintiff asked Jacks to file a motion in the Minnesota Supreme Court, requesting additional time to file his proposed supplemental brief. (Complaint, pp. 2-3 ¶ 11.) Jacks allegedly told Plaintiff that he would have to prepare the motion himself, but the Public Defenders Office would file it for him. (Id., p. 3, ¶ 12.) Plaintiff and Jacks disagreed about who should be responsible for preparing and filing the motion for additional time. (Id., ¶ 13.) Plaintiff decided that he did not want Jacks to continue to represent him on his direct appeal, so he asked Jacks for a "Waiver of Counsel Form." (Id., ¶ 13.) Thereafter, Plaintiff prepared his own motion for additional time to file a supplemental brief. He sent that motion, as well as a "Waiver of Counsel Form," to the Public Defenders Office, and he expected the Public Defenders Office to file both documents for him. (Id., ¶ 14.)[1]

Plaintiff alleges that Jacks filed the motion for additional time, but she did not file a "Motion to Withdraw as Counsel." (Id., ¶ 15.)[2] Plaintiff later contacted Jacks, apparently to find out more information about the status of the two documents. Jacks wrote a letter to Plaintiff which confirmed that she would no longer be representing Plaintiff on his appeal, because Plaintiff had "fired" her. The letter did not expressly indicate whether Jacks had

---

[1] Copies of Plaintiff's motion for additional time, and the waiver form, are attached to the complaint. (Complaint, Exhibits A and B.)

[2] It is unclear whether the "Waiver of Counsel Form" referred to in ¶s 13 and 14 of the complaint is the same as the "Motion to Withdraw as Counsel" referred to in ¶ 15 (and elsewhere in the complaint). To further complicate matters, ¶ 17 of the complaint refers to a "motion for Waiver of Counsel." It appears that Plaintiff is using three different labels to describe a single document, but, in any event, the exact title(s) and true nature of the document(s) at issue have no bearing on the resolution of this case.

filed the "Motion to Withdraw as Counsel."[3] Plaintiff alleges that Jacks "abandoned the [Plaintiff's] appellate process without filing a successful Motion to Withdraw as Counsel; and, without getting permission from the Minnesota Supreme Court to withdraw as counsel." (Id., pp. 3-4, ¶ 18.)[4]

In the present lawsuit, Plaintiff claims that Jacks violated his federal constitutional rights by "deliberately abandoning the appellate process of [Plaintiff's] direct appeal without filing a successful Motion to Withdraw as Counsel to the Minnesota Supreme Court – as a form of retaliation against the Plaintiff Townsend." (Id., p. 4, ¶ 22.) Plaintiff is seeking injunctive relief that would "end a contin[uing] violation of Constitutional Law," and give Plaintiff a new lawyer "to assist in the correction and reinstatement of the appellate process infringed on by the defendant." (Id. ¶ 21.) Plaintiff is also seeking money damages for "injury, such as emotional distress, caused by the deprivation of Due Process" by Jacks. (Id., ¶ 23.)

---

[3] A copy of Jacks' letter is attached to Plaintiff's complaint. (Complaint, Exhibit E.)

[4] This allegation is directly contradicted by the Minnesota Supreme Court's decision in Plaintiff's later post-conviction proceedings. In Townsend v. State, 582 N.W.2d 225, 227 (Minn.1998) the State Supreme Court report that:

> "Townsend completed a waiver of appellate counsel form and the public defender's office submitted the form to this court. Since the deadline for filing his appellate brief had already passed, the public defender's office also submitted Townsend's pro se motion for an extension of time to submit his pro se brief. Townsend also sent this court a copy of the completed waiver along with a specific request that the appellate brief submitted by the public defender's office be dismissed and that he be given an extension of time for filing his own appellate brief." (Emphasis added.)

3

**II. DISCUSSION**

Because Plaintiff is a prisoner who is attempting to sue a state employee,[5] his complaint is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Court finds that Plaintiff's current complaint fails to state an actionable § 1983 claim for two reasons. First, the named Defendant, Jacks, was not acting under color of state law, for § 1983 purposes, during the events giving rise to Plaintiff's current lawsuit.

---

[5] In a brief filed with the complaint, Plaintiff expressly confirms that Jacks is a state employee. (Plaintiff's "Memorandum of Law," [Docket No. 2], p. 2.)

Second, Plaintiff's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

### A. Public Defenders Are NOT State Actors

It is well settled that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied, 535 U.S. 1017 (2002). Plaintiff contends that Jacks was a "state actor" for § 1983 purposes when she was acting as a state public defender in connection with Plaintiff's appeal to the Minnesota Supreme Court. However, that is simply not the case. In Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court plainly stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. The Eighth Circuit Court of Appeals reiterated this rule of law in Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991), stating that "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations."

Plaintiff obviously is attempting to sue Jacks for acts or omissions that allegedly occurred while Jacks was supposed to be serving as Plaintiff's public defender. Even though Jacks allegedly was a state employee, it is clear, pursuant to Dodson, that Jacks was not acting under color of state law for § 1983 purposes. Therefore, Plaintiff has failed to plead an actionable § 1983 claim against Jacks.

### B. Claims Are Barred By Heck v. Humphrey

Furthermore, even if Jacks were a state actor, this case still could not go forward at this time. Although Plaintiff has not expressly asked for a judgment that would vacate his

5

criminal conviction, it is readily apparent that he is attempting to undermine the validity of his conviction. Plaintiff obviously believes that he was denied effective legal assistance on his direct state court appeal, because Jacks allegedly "abandoned" him midway through his appeal. Plaintiff wants an order that would allow him to retain a new lawyer who would "assist in the correction and reinstatement of the appellate process." (Complaint, p. 4, ¶ 21.) This clearly show that Plaintiff is attempting to challenge the validity of his criminal conviction.

Furthermore, is readily apparent that a judgment in Plaintiff's favor on his present civil rights claims would cast doubt on the validity of his state criminal conviction. If Plaintiff was deprived of his constitutional right to counsel during his direct appeal, (as he claims), then the validity of his conviction is necessarily at issue here. That being the case, Plaintiff's current civil rights action is barred by the Supreme Court's decision in Heck v. Humphrey, supra.

In Heck, the Court held that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. Therefore, when a prisoner is seeking relief in a civil rights action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487 (emphasis added).

Here, Plaintiff has plainly alleged that Defendant Jacks violated his constitutional rights during the course of his direct appeal in his state criminal case, and that the legal validity of his conviction is therefore doubtful. According to <u>Heck</u>, however, a civil rights claim based on constitutional improprieties that allegedly affected the outcome of a state criminal case cannot properly be raised in a federal civil rights action, unless the claimant first establishes <u>in a proper forum</u>, (i.e., in the state criminal case itself, or in a subsequent appeal or post-conviction proceeding), that his conviction and sentence were, in fact, constitutionally invalid.

Thus, even if Jacks were a state actor for purposes of this lawsuit, Plaintiff could not bring his § 1983 claims at this time. He cannot maintain a civil rights action seeking damages, (or any other relief), for unconstitutional acts or omissions that allegedly contributed to an unlawful conviction and sentence, without first securing an order that specifically invalidates his conviction and sentence. Because that pre-condition has not been satisfied, Plaintiff's present complaint fails to state a civil rights claim on which relief can be granted. In short, Plaintiff's lawsuit is barred by <u>Heck</u>.[6]

---

[6] According to <u>Heck</u>, Plaintiff's current civil rights claims will not become ripe until after his conviction is vacated by some other appropriate means, (i.e., by some means other than a civil rights action). Because Plaintiff's § 1983 claims are not yet ripe, the statute of limitations for those claims has not yet begun to run. <u>See</u> <u>Heck</u>, 512 U.S. at 489-90 ("Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor,... [citations omitted], so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") Therefore, the Court does <u>not</u> find this action to be time-barred, even though § 1983 claims brought in Minnesota are subject to a six-year statute of limitations, (<u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 618, n. 3 (8th Cir. 1995)), and the events described in Plaintiff's complaint occurred far more than six years ago.

## III. CONCLUSION

For both of the two reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A. The Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A;

2. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 9, 2010

    *s/ Arthur J. Boylan*
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 23, 2010.